UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: LESLIE GRAF and
       MARILYN GRAF,                                      No. 13-05-10363 MS

       Debtors.

### ORDER GRANTING, IN PART, and DENYING, IN PART, FIRST FEE APPLICATION OF BEHLES LAW FIRM, P.C., FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 2004 THROUGH FEBRUARY 2005

THIS MATTER is before the Court on the First Fee Application of Behles Law Firm, P.C., for Payment of Fees and Reimbursement of Expenses for the Period September 2005 through February 2005 ("Fee Application") filed by counsel for the Debtors. The Fee Application seeks approval of attorneys' fees, applicable state taxes, and expenses in the total amount of $16,295.40 as an administrative expense of the estate to be paid along with all other expenses of the same priority.[1] No objections to the Fee Application were filed. However, because the total fees requested is a significant amount to be charged in connection with a Chapter 13 matter, the Court set the matter for presentment and held a final hearing on the Fee Application on June 13, 2006, after which the Court took the matter under advisement. After

---

[1] The Fee Application requested approval of total fees, taxes and expenses in the amount of $17,514.11. Subsequently, Behles Law Firm, P.C. filed an Errata Notice to First Fee Application which reduced the requested amount to $16,295.40* as a result of a reduced hourly rate and the corresponding reduction in applicable state taxes. Of this amount, $15,265.00 is attributable to attorneys fees. *See Errata Notice to First Fee Application* (Docket # 66) (stating that the fees in the amount of $16,062.50 reflected in the billing statements should be reduced by $797.50 to account for the reduced hourly rate of $225.00). Behles Law Firm, P.C. received a pre-petition retainer of $2,500.00 from the Debtors which was drawn down to a zero balance, leaving an unpaid balance attributable to the Fee Application in the amount of $13,785.40.
   *The Errata Notice to First Fee Application appears to contain a typographical error in that the total amount reported therein was $15,295.40, yet subtracting the amounts reported ($797.50 attributable to fees and $53.83 attributable to corresponding taxes) from the amounts contained in the Fee Application yields a total of $16,295.40.

considering the Fee Application, and being otherwise sufficiently informed, the Court finds that some of the requested fees must be disallowed.  In reaching this determination the Court FINDS:

    1.  Pursuant to 11 U.S.C. § 330(a)(4)(B),

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.
>
> 11 U.S.C. § 330(a)(4)(B).

    2.  The Court has an independent duty to review the reasonableness of attorneys' fees requested under 11 U.S.C. § 330.  *See In re Tahah,* 330 B.R. 777, 780-781 (10th Cir. BAP 2005) ("It is well-settled that bankruptcy courts have a duty to independently evaluate the propriety of the compensation requested under § 330) (citation omitted).

    3.  Reasonableness is determined based upon such factors as the amount of time spent on the service, the rate charged, whether the services were necessary to the administration of the bankruptcy estate, and whether the services performed were performed within a reasonable amount of time, given the complexity and nature of the task addressed.  11 U.S.C. § 330(a)(3). Compensation will not be allowed for "unnecessary duplication of services", for services that "were not reasonably likely to benefit the estate" nor for services that are not "necessary to the administration of the case."  11 U.S.C. § 330(a)(4)(A).

    4.  The fee applicant bears the burden of showing entitlement to the requested compensation.  *See In re Recycling Industries, Inc.,* 243 B.R. 396, 402 (Bankr.D.Colo. 2000) ("It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant."); *In re Amdura Corp.,* 139 B.R. 963, 968 (Bankr.D.Colo. 1992).

2

Case 05-10363-j7    Doc 70    Filed 07/27/06    Entered 07/27/06 11:43:35 Page 2 of 6

5.  Time keeping records submitted in support of a fee application must sufficiently describe the work performed to enable the Court to determine whether the fees requested are reasonable and necessary.  *Amdura,* 139 B.R. at 972.   Descriptions for completed tasks that are too vague prevents the Court from determining reasonableness, and may result in the denial of fees for those tasks.  *Id.*

6.  The Court finds that the hourly rates of $225.00 for attorney-partners, $125.00 for attorney-associates, and $75.00 for para-professionals requested in the Fee Application is reasonable.

7.  After review of the itemized billing records attached to the Fee Application, the Court finds that some entries must be disallowed because they are not reasonable or necessary, and the time spent was excessive for the work performed.  Specifically, the summary of professional services reports total time of 6.4 hours, at a rate of $125.00 for work performed in connection with the Debtors' meeting of creditors.  The itemized billing records report the following entries:

| | | |
|---|---|---|
| 3/10/06 | trip to Santa Fe for 341 meeting, meeting with clients | 3.8 hrs |
| 4/14/05 | work on refile schedule A, call to court clerk to put on docket, call from trustee, attend 341 hrg in Santa Fe | 4.8 hrs |

Presumably these entries include travel time from Albuquerque to Santa Fe to attend the creditor's meeting.   Travel time is generally not compensable at an attorneys' regular hourly rate unless work is actually being performed during travel time. *See In re Seneca Oil Co.,* 65 B.R. 902, 909 (Bankr.W.D.Okla. 1986) ("Unproductive travel time should not be billed.  Only that portion of travel time actually used to administer necessary services to a client will be compensated.") (citation omitted); *In re Automobile Warranty Corp.,* 138 B.R. 72, 78

3

(Bankr.D.Colo. 1991) (and cases cited therein, finding it inappropriate to allow unproductive travel time at the full hourly rate, and allowing travel time to be billed at one-half the normal hourly rate). *But see, Amdura,* 139 B.R. at 982-983 (finding that travel time for out of state counsel to appear was reasonable and necessary, and, therefore compensable).

In addition, because the amount charged in the detailed time entries totals more than the total amount requested for work performed in connection with the meeting of creditors, these entries appear to include time for other categories of work. In other words, the work description includes "lumped" time. *See Automobile Warranty,* 138 B.R. at 76 (noting that fee applicants cannot avoid the requirement for describing activities in detail by lumping several activities into a single entry so that the court cannot determine whether each task was performed expeditiously)(citations omitted). The Court finds that of the requested 6.4 hours of time spent in connection with the creditors' meeting, only 3.0 hours are compensable at the regular hourly rate of $125.00. Accordingly, $425.00 will be disallowed.

The Fee Application requests compensation for work performed in connection with the plan as follows: 9.2 hours at $225.00 per hour and 9.8 hours at $125.00 per hour. In reviewing the itemized time entries for work performed in this category, the Court finds that the amounts billed are excessive. When excessive time is billed for uncomplicated matters, the attorney is not entitled to compensation for the total requested amount despite the fact that the work was actually done. *See In re Colorado-Ute Elec. Ass'n, Inc.,* 132 B.R. 174, 177 (Bankr.D.Colo. 1991) ("In applying for fees, attorneys 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)). *In re*

4

*Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative, unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc*., 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

In support of the Fee Application, counsel for the Debtors stated that this case was complicated due to the following: 1) Debtors owned a business which was sold; 2) capital gains tax issues; 3) property valuation issues for property located out of the country; and 4) the Debtors moved to Arizona during the pendency of the proceeding, causing changes to their income and expenses. Of the 19.0 total hours of work described in the billing statements as preparing, reviewing, and revising the plan, and consulting with opposing counsel and clients regarding the plan, the Court finds that the following amount of time is reasonable to perform such tasks: 6.0 hours at $225.00 per hour and 6.0 hours at $125.00 per hour. Therefore, $1,195.00$^2$ of the total amount of fees requested for work on the plan will be disallowed.

WHEREFORE, IT IS HEREBY ORDERED, that the Fee Application is approved, in part, and denied, in part. Total fees in the amount of $13,645.00$^3$ and expenses in the amount of $367.39$^4$ are allowed, plus applicable New Mexico gross receipts taxes in the amount of $921.04 ($13,645.00 X .0675), less $2,500.00 which counsel has already received, leaving a balance of allowed fees and expenses in the amount of $12,433.43 due and compensable from the

---

[2]($225.00 X 3.2 hours disallowed = $720.00) + ($125.00 X 3.8 hours disallowed = $450.00) = $1,195.00

[3]$15,265.00 less disallowed attorneys' fees in the total amount of $1,620.00 = $13,645.00

[4]This figure includes applicable taxes. *See* Summary Sheet attached to First Fee Application.

bankruptcy estate.

       The remainder of fees requested in the Fee Application are disallowed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jennie Deden Behles
Attorney for Debtors
PO Box 7070
Albuquerque, NM 87194

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103